UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE RAY CARSTARPHEN,

    Plaintiff,                                           Civil Action No. 16-CV-12655

vs.                                                          HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the Court on defendant's motion for summary judgment [docket entry 20].[1] Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying his applications for Supplemental Security Income and Social Security disability insurance benefits. An Administrative Law Judge ("ALJ") held a hearing in January 2013 (Tr. 68-104) and issued a decision denying benefits in February 2013 (Tr. 132-43). In May 2014, the Appeals Council vacated the ALJ's decision and remanded for further proceedings (Tr. 148-52). Another ALJ held a second hearing in March 2015 (Tr. 31-67) and issued a decision denying benefits in April 2015 (Tr. 13-25). This became defendant's final decision in June 2016 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported

---

[1] Plaintiff has declined the Court's invitation to file such a motion. *See* docket entries 17, 19.

by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

At the time of the ALJ's decision, plaintiff was 57 years old (Tr. 36). He has a high school education (Tr. 81) and work experience as a dishwasher and as a foreman at a meat-packing plant (Tr. 83-87, 99, 395). Plaintiff claims he has been disabled since May 2010 due pain in his lower back and right knee (Tr. 39, 88). The ALJ found that plaintiff's severe impairments are "degenerative disc disease and rotary scoliosis of the lumbar spine; degenerative disc disease of the cervical spine; and chondromalacia of the right knee" (Tr. 20). He found that plaintiff is not disabled because he can perform his past work as a dishwasher and "foreman-packer," as this work is within plaintiff's residual functional capacity ("RFC") to do a limited range of medium work (Tr.

21, 24).[2]

Having reviewed the administrative record and the brief in support of defendant's summary judgment motion, the Court finds that the ALJ's decision in this matter is supported by substantial evidence. "The burden is on the plaintiff to prove that []he is disabled within the meaning of the regulations," *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 473 (6th Cir. 2016), and plaintiff has not met this burden.

As the ALJ correctly noted, the record shows that plaintiff has degenerative disc disease in his lumbar and cervical spine and chondromalacia in his right knee (Tr. 434, 436, 457, 490, 560, 631). However, substantial evidence supports the ALJ's conclusion that these impairments do not prevent plaintiff from meeting the exertional demands of his past work. Plaintiff was examined by Dr. Shelby-Lane, M.D., at defendant's request in July 2014 (Tr. 616-30). She concluded that while plaintiff "has chronic lower back pain for which he needs ongoing

---

[2] Specifically, the ALJ found that plaintiff has the RFC

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can occasionally lift up to 50 pounds and occasionally carry up to twenty pounds; he can stand or walk with normal breaks for a total of six hours in an eight hour workday; he can sit with normal breaks for a total of six hours in an eight hour workday; he can perform pushing and pulling motions with his upper extremities within the aforementioned weight restrictions; he can occasionally use the right foot and frequently use the left foot for operation of foot controls; he can perform activities requiring bilateral manual dexterity for both gross and fine manipulation with handling and reaching on a frequent basis; he should avoid unprotected heights; he can occasionally balance, stoop, crouch, kneel, and crawl and; he can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds.

(Tr. 21).

3

management," and while he "may have difficulty with repetitive and heavy bending, pushing, pulling and lifting" he nonetheless can lift up to 50 pounds occasionally; carry up to 20 pounds occasionally; and sit, stand, and walk up to six hours in an eight-hour work day (Tr. 619, 625-26). The ALJ was entitled to rely on Dr. Shelby-Lane's assessment of plaintiff's condition, limitations, and abilities, as it is consistent with the objective findings and not contradicted by any other physician's opinion.[3]

In short, the medical evidence in this case supports the ALJ's finding that plaintiff is capable of performing his past work as a dishwasher and as a foreman-packer. A claimant who can perform his past work is not disabled under the Social Security Act. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.


Dated: January 16, 2018  　　　　　　　　　s/Bernard A. Friedman
　　　　　Detroit, Michigan  　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

---

[3] One of plaintiff's treating physicians, Dr. Frank Pollina, M.D., did place plaintiff on a 25-pound lifting restriction in August 2011, but only for two months and with the expectation that at the end of this period "we can return him to unrestricted activities" (Tr. 469). Six months later, in February 2012, Dr. Pollina noted that plaintiff was continuing to complain of back and leg pain, but examination was generally normal (Tr. 479-80), just as it was throughout 2010, 2011, and 2012 (Tr. 408-16, 419-20, 424-32, 434-44, 479-82). In mid-2012, images of plaintiff's lumbar spine were interpreted as showing only "minimal degenerative changes" and those of his knee were interpreted as showing "normal knee" (Tr. 457-58).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2018.

<span style="margin-left: 50%">s/Johnetta M. Curry-Williams<br>Case Manager</span>